UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LONNIE L. PARKER #200008,

    Plaintiff,

v.

UNKNOWN KELLER et al.,

    Defendants.
_____/

Case No. 2:17-cv-00102

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Lonnie L. Parker pursuant to 42 U.S.C. § 1983. Defendants Keller and Lovin (the "Trinity Defendants") filed a "Motion to Quash Service and Dismiss for Insufficient Service of Process." (ECF No. 48.) For the reasons stated below, the undersigned recommends that the Court GRANT IN PART and DENY IN PART the Trinity Defendants' motion.

### Background

On July 8, 2017, Plaintiff initiated this action, asserting retaliation and conspiracy claims against Defendants Keller, Perry, and Lovin. (ECF No. 1.) At the time of the alleged incidents in the complaint, Defendant Perry was employed at the Michigan Department of Corrections (MDOC), and Defendants Keller and Lovin were employed at Trinity Services Group, Inc. Trinity is a company that contracted with the MDOC to provide food service at the prisons until July 31, 2018.

After screening the complaint, U.S. Magistrate Judge Timothy P. Greeley issued an Order for Service on December 12, 2017. (ECF No. 6.) The order stated that

the U.S. Marshals Service shall request a waiver of service from Defendants Keller, Perry, and Lovin. Defendant Perry, an MDOC employee, waived service and an attorney appeared on March 6, 2018. However, two attempts to obtain a waiver of service from the Trinity Defendants were unsuccessful.

On August 16, 2018, Plaintiff filed a motion to serve the complaint on the Trinity Defendants. On October 2, 2018, Magistrate Judge Greeley ordered the Clerk's Office to issue a summons and forward it to the U.S. Marshals Service for service. (ECF No. 36.) A summons was issued the following day.

On November 13, 2018, the Court received executed summons returns for the Trinity Defendants from U.S. Marshal Deputy Chelsea Hill. (ECF Nos. 42, 43.) The returns indicate that the summons and complaint were mailed via certified mail to Trinity Food Service in St. Louis, Missouri.

On November 20, 2018, Attorney Tabitha Bono filed a limited appearance on behalf of the Trinity Defendants for the purposes of contesting service of process and also filed a motion to quash service and dismiss the complaint for insufficient service. (ECF No. 48.)

## Discussion

The Trinity Defendants filed a motion to quash service and dismiss the complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). A motion to quash service differs from a motion to dismiss for insufficient service of process. "Where service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case." *Meyer v. Timothy E. Baxter & Assoc*,

2018 WL 1858182, at *2 (E.D. Mich., Apr. 18, 2018) (quoting *Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004). "[T]he Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash." *Adams v. Cnty. of Calhoun*, 2017 WL 1217787, at *2 (W.D. Mich. Mar. 3, 2017) (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.")). "The plaintiff bears the burden of proving that service was proper." *Breezley v. Hamilton Cnty*, 674 F. App'x. 502, 505 (6th Cir. 2017) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

   1. <u>Insufficient Service of Process</u>

The Trinity Defendants argue that despite the executed summons returned by the U.S. Marshal, the service was ineffective. Trinity is a company that contracted with the MDOC to provide food service until July 31, 2018.  TKC Holdings, Inc., is the parent corporation of Trinity. TKC is a corporation registered to do business in St. Louis, Missouri. Attorney Tabitha Bono is employed as an assistant counsel at TKC.  According to her declaration, she is not authorized to accept service of process for any former employees of Trinity.  (ECF No. 48-2, PageID.290.) Attorney Bono states that she spoke with U.S. Marshal Deputy Chelsea Hill on at least two occasions and informed her that Defendants Keller and Lovin no longer work for Trinity and that she is not authorized to accept service of process for former employees. (ECF No. 48-2, PageID.291.) Attorney Bono also informed U.S. Marshal Deputy Hill that she could not provide the last known addresses of Defendants Keller and Lovin without

a court order. (ECF No. 48-2, PageID.291.) Despite these conversations, U.S. Marshal Deputy Hill sent the summons and complaint to TKC via certified mail and returned the executed summons to the Court.

Plaintiff does not dispute that the service of process was insufficient. Although a U.S. Marshal's return creates a presumption of valid service on an agent, the presumption may be rebutted if the defendant demonstrates that service was not received. *Howard Johnson Int'l, Inc. v. SSR, Inc.* 2015 WL 4461347, at *2 (D.N.J. July 21, 2015). Accordingly, the undersigned finds that the Trinity Defendants have rebutted the presumption that service was proper. Therefore, the undersigned recommends that the Trinity Defendants' motion to quash service be granted.

2. <u>Good Cause to Extend Deadline to Serve Complaint</u>

The Trinity Defendants also argue that the claims against them should be dismissed with prejudice because of the lengthy delay in accomplishing service. Rule 4(m) of the Rules of Federal Civil Procedure provides that if a defendant is not served within 90 days of the complaint being filed, the Court "must dismiss the action without prejudice or order that service be made within a specified time." The Court may extend the time for service if the plaintiff shows good cause. Fed. R. Civ. P. 4(m).

Here, there is no question that there has been a lengthy delay in effectuating service. But when a prisoner is proceeding *in forma pauperis*, the U.S. Marshal's failure to effect service is good cause as long as the prisoner provides the information necessary to identify the defendant. *See, e.g., Richardson v. Johnson*, 598 F.3d 734, 738-39 (11th Cir. 2010) ("[T]he failure of the United States Marshal to effectuate

service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m).") (internal quotations omitted); *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996) ("[The] failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause under Fed. R. Civ. P. 4.").

In the opinion of the undersigned, Plaintiff has shown that good cause exists to extend the deadline to serve the complaint in this case. Plaintiff has provided the U.S. Marshals with the necessary information to accomplish service on the Trinity Defendants. He provided their last names, their positions at Trinity, and the prison facilities where they were working.  Notably, the information provided to the U.S. Marshals was sufficient for Attorney Bono to identify the Trinity Defendants. She states that Katie Keller was a Trinity employee who worked at the Chippewa Correctional Facility until May 2017. (ECF No. 48-2, PageID.291.) She also states that Josh Lovin was a Trinity employee who worked at the Chippewa Correctional Facility until July 2018. (ECF No. 48-2, PageID.291.) The last known addresses of both Katie Keller and Josh Lovin are in Michigan. (ECF No. 48-2, PageID.291.) But Attorney Bono was unwilling to provide the U.S. Marshals with their last known addresses without a court order due to "personally identifiable information concerns." (ECF No. 48-2, PageID.291.)

In addition, the delay in this case cannot be attributed to Plaintiff's conduct. The first "Notice of Lawsuit/Request for Waiver of Service" was sent on January 2,

2018. When nothing was returned to the Court, a second "Notice of Lawsuit/Request for Waiver of Service" was sent on July 18, 2018. When nothing was again returned to the Court, Plaintiff promptly filed a motion to serve the complaint. (ECF No. 36.)

Finally, in order to effectuate service of process in a timely fashion, the undersigned recommends that the Court order TKC to provide the last known addresses of Defendants Keller and Lovin to the United States Marshals. This is a sensible solution and several courts have resolved cases involving prisoners and issues with accomplishing service in this manner. *See, e.g.*, *Baldwin v. Croft*, 2013 WL 172870, at *2 (N.D. Ohio 2013) (ordering the warden of a prison to provide the U.S. Marshal Service with the defendants' last known addresses); *Combs v. Lehman*, 2009 WL 497124, at *2 (W.D. Wash. 2009) (ordering the defendants to produce the last known addresses for the un-served defendants); *Ely v. Smith*, 2008 WL 2076651 at *2 (E.D. Tenn. 2008) (ordering the warden of a prison to provide the U.S. Marshal Service with the defendants' last known addresses); *see also*, *Fitts v. Sicker*, 2007 WL 419623, at *7 (6th Cir. 2007) (noting that the district court could have directed the MDOC to provide the defendant's last known address).

## Recommendation

Accordingly, the undersigned recommends that the Court grant the Trinity Defendant's motion to quash service, but deny the motion to dismiss the complaint with prejudice. The undersigned further recommends that the Court order TKC to provide the U.S. Marshals with the last known addresses of Defendants Keller and Lovin and notify the Court when it has done so. Finally, the undersigned recommends

that the Court extend the deadline to serve the complaint to 90 days after TKC has notified the Court that it has provided the information to the U.S. Marshals.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: April 22, 2019

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE