UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE L. PARKER, JR.,

       Plaintiff,

v.

CASE NO. 2:17-CV-102

HON. ROBERT J. JONKER

UKNOWN KELLER, *et al.*,

       Defendants.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 66) and Plaintiff's Objections (ECF No. 70). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Report and Recommendation factually sound and legally correct.

The Magistrate Judge recommends granting Defendant Perry's motion for summary judgment (ECF No. 33) based on lack of exhaustion. Plaintiff's overall claim in the case is that he was fired from his prison job in the kitchen because he complained about food safety issues, and about particular food service employees working in the kitchen with him, or supervising him. Plaintiff filed two separate grievances about the termination. The first one named only Defendants Lovin and Keller, not Defendant Perry. A few days later, Plaintiff filed a second grievance covering the same basic claim, but this time adding Defendant Perry. Plaintiff says that is because between his original filing and his second filing he learned new information about Defendant Perry that led him to conclude Defendant Perry was part of a conspiracy to retaliate against him. The MDOC rejected the second grievance at all three levels as duplicative of the first. If this was correct, then Defendant Perry is entitled to dismissal because Plaintiff failed to properly exhaust the claim against him in the original grievance, as the Magistrate Judge concluded.

The Court agrees with the Magistrate Judge on de novo review. At first blush, it is tempting to excuse the omission because obviously no one can allege future facts as part of an original grievance or claim. But upon closer inspection of Plaintiff's claim here—an inspection the Magistrate Judge undertook—it is clear that Plaintiff knew before he filed his original grievance that Defendant Perry was central to his claim. And so if he intended to proceed against him, Plaintiff needed to include him in his original grievance.

Plaintiff was fired on February 1, 2017, according to his complaint. (ECF No. 1, PageID.14, ¶ 47.) According to Plaintiff's own Complaint, before this date, he knew Perry was integrally involved. Defendant Perry was personally involved with Defendant Keller and told Plaintiff this on January 11, 2017. (*Id.* at PageID.13, ¶ 40.) According to Plaintiff, Perry told him more than that: "Defendant Perry made clear to Plaintiff that he called the shots and ran the kitchen and that

if Plaintiff filed any complaints on Defendant Keller, Plaintiff better resolve them by signing off on it when its reviewed, or be ready for the consequences." (*Id.* at ¶ 41.) In fact, Plaintiff says that Perry told him that he had already filed a fabricated misconduct on Plaintiff and had no trouble doing it. (*Id.* at ¶ 39.) Plaintiff further states that when he later refused to sign off on the grievances, the reviewing steward said to him: "Defendant Perry promised he and Defendant Lovin that Plaintiff would sign off." (*Id.*, PageID.14, ¶ 46.)

In short, Plaintiff's own allegations confirm that he had every reason to know and believe before he filed his first grievance that Defendant Perry was not only involved, but central to the alleged retaliation scheme. Plaintiff's failure to identify Defendant Perry in his original grievance, coupled with the MDOC's proper procedural objection of Plaintiff's second grievance as duplicative, means Plaintiff did not exhaust his claim against Defendant Perry.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 66) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendant Perry's Motion for Summary Judgment (ECF No. 33) is **GRANTED**. Defendant Perry is dismissed from the case.

Dated:  September 27, 2019              /s/ Robert J. Jonker
                                                                                ROBERT J. JONKER
                                                                                CHIEF UNITED STATES DISTRICT JUDGE