UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LONNIE L. PARKER, JR.,

        Plaintiff,

                                     CASE NO. 2:17-CV-102

v.

                                     HON. ROBERT J. JONKER

UKNOWN KELLER, *et al.*,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation dated July 20, 2021 (ECF No. 111); Defendants' Objections (ECF No. 112); and Plaintiff's Response (ECF No. 119). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Defendants' Objections; and Plaintiff's Response. The Court finds the Report and Recommendation factually sound and legally correct.

The Magistrate Judge recommends that the Court deny the motion for summary judgment filed by Defendants Keller and Lovin (ECF No. 96) in this First Amendment retaliation case. The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Report and Recommendation addresses Defendants' arguments in detail, and the Court agrees with the Magistrate Judge's analysis. Stripping away improper legal conclusions, the factual aspects of the Plaintiff's response sworn under penalty of perjury, combined with inferences a fact finder reasonably could draw, create a genuine issue as to material facts. Defendants highlight good reasons a fact finder might not choose to draw the inference or credit the factual assertions. But that is a matter for trial, not summary judgment.

The Court views the exhaustion issue as closer. The Step 1 grievance standing alone would not put Defendant Keller on fair notice. The interview and reference to "staff" in the response may or may not ultimately fall within the *Reed-Bey* waiver. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). But the Magistrate Judge only denied summary judgment on the issue; he did not recommend denying the exhaustion claims altogether. The Court agrees with this recommendation. The Magistrate Judge can address the factual issues concerning exhaustion as a bench trial matter.

**ACCORDINGLY, IT IS ORDERED**:

1.     The Report and Recommendation of the Magistrate Judge (ECF No. 111) is **APPROVED AND ADOPTED** as the opinion of the Court.

2.     The Motion for Summary Judgment filed by Defendants Keller and Lovin (ECF No. 96) is **DENIED**.

3.      Plaintiff's claims of First Amendment retaliation (Claims 1 and 2) and claim of

First Amendment retaliation conspiracy (Claim 3) against Defendants Keller and Lovin remain.


Dated:   ___September 13, 2021___          /s/ Robert J. Jonker_____
                                           ROBERT J. JONKER
                                           CHIEF UNITED STATES DISTRICT JUDGE